UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PAUL ANTHONY EDWARDS,

        Petitioner,

v.                                          Case No. 6:15-cv-1557-Orl-37TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

        Respondents.

## ORDER

This case is before the Court on the following matters:

1.    Petitioner has filed an "Emergency Petition for Writ of Habeas Corpus" (Doc. 1). The Court has reviewed the petition and concludes that it does not present any issues warranting emergency status. As such, the petition will be considered in due course.

Petitioner is advised that the use of the term "emergency" on the title of a pleading should be used only in extraordinary circumstances, when there is a true and legitimate emergency. When a pleading is labeled as an "emergency," the Court is compelled to immediately divert its attention from other pending matters and to focus on the "emergency." The petition does not assert matters that constitute an emergency, and Petitioner should not label any further pleading as an "emergency" unless there is a **true** and **legitimate** emergency.

2. Petitioner's Motion for Release Pending Resolution of Habeas Corpus Proceedings (Doc. 2) is **DENIED**. Petitioner requests the Court to order his release pending the Court's review of his habeas petition. The Eleventh Circuit Court of Appeals has held:

> A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought.

*Gomez v. United States*, 899 F.2d 1124, 1125 (11th Cir. 1990) (quoting *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974)). Moreover, in considering whether the grant of bail pending disposition of a petition for writ of habeas corpus is proper, this Court may not give Petitioner "more relief on a preliminary basis than he would be entitled to if he ultimately prevails on his constitutional claims. Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party." *Id.* (citing *DeBeers Mines v. United States*, 325 U.S. 212, 220 (1945); *Hollon v. Mathis Independent School District*, 491 F.2d 92, 93 (5th Cir. 1974)).

The Court concludes that Petitioner has failed to demonstrate that he is entitled to release pending the resolution of his habeas petition pursuant to either of the two circumstances enunciated in *Gomez*. Accordingly, Petitioner's motion is denied.

3. Petitioner did not pay the filing fee or submit an Affidavit of Indigency or

other application to proceed in forma pauperis as required by Local Rule 1.03(e).[1] Accordingly, Petitioner shall file an Affidavit of Indigency or other application to proceed in forma pauperis or pay the habeas filing fee within **TWENTY-ONE (21) DAYS** from the date of this Order. **Petitioner is advised that the failure to comply with the dictates of this Order will result in the dismissal of this case without further notice.**

4. Review of the petition indicates that Petitioner has pending state court proceedings in which he is raising all of the claims raised in the petition. Within **TWENTY-ONE (21) DAYS** from the date of this Order, Petitioner shall show cause why the instant action should not be dismissed because he has ongoing state court proceedings and the petition does not raise any exhausted claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) (holding "the principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously pursue their appeal in the Florida state court and their Section 2254 petitions in the federal court."); *Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding "that a district court must dismiss . . . 'mixed petitions', leaving the prisoner with the choice of returning to state court to exhausted his claims or of amending or

---

[1] Local Rule 1.03(e) states that "[t]he Clerk shall accept for filing all prisoner cases filed with or without the required filing fee or application to proceed in forma pauperis. However, a prisoner case will be subject to dismissal by the Court, sua sponte, if the filing fee is not paid or if the application is not filed within 30 days of the commencement of the action."

resubmitting the habeas petition to present only exhausted claims to the district court."); *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (holding "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). **Failure to comply with the instant Order will result in dismissal of this case without further notice.**

**DONE AND ORDERED** in Orlando, Florida this 24th day of September, 2015.



ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 9/24
Paul Anthony Edwards